UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CLEM GILLS, JAPENA GILLS, HENRY ALEXANDER, AND EDWARD CHARLES** | * * * * | **CIVIL ACTION NO.:** |
| | * | **SECTION:** |
| **VERSUS** | * * | |
| | * | **JUDGE** |
| **KARL ST. AMANT, KS TRANS INC., ABC INSURANCE COMPANY, AND XYZ INSURANCE COMPANY** | * * * | **MAGISTRATE** |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiffs CLEM GILLS, JAPENA GILLS, HENRY ALEXANDER, and EDWARD CHARLES who aver as follows:

### PARTIES

1.

Made Plaintiffs herein are:

A. CLEM GILLS, a person of the full age of majority and resident of and domiciled in New Orleans, Parish of Orleans, State of Louisiana;

B. JAPENA GILLS, a person of the full age of majority and resident of and domiciled in New Orleans, Parish of Orleans, State of Louisiana;

C. HENRY ALEXANDER, a person of the full age of majority and resident of and domiciled in New Orleans, Parish of Orleans, State of Louisiana; and

D. EDWARD CHARLES, a person of the full age of majority and resident of and domiciled in New Orleans, Parish of Orleans, State of Louisiana.

2.

Made Defendants herein are:

A. KARL ST. AMANT, a person of the full age of majority and resident of and domiciled in Gatineau, Quebec Canada;

B. KS TRANS INC., a foreign corporation authorized to do and doing business in the State of Louisiana and/or a foreign corporation which has minimum contacts with the State of Louisiana as it has purposefully availed itself of the privilege of conducting activities within the State of Louisiana by putting its products into commerce in the State of Louisiana, thus invoking the benefits and protections of Louisiana's law and reasonably anticipating the possibility of being haled into court in Louisiana;

C. ABC INSURANCE COMPANY (Fictitiously named), an unknown and unidentified insurance company, authorized to do and doing business in the State of Louisiana and/or an unknown and unidentified insurance company which has minimum contacts with the State of Louisiana as it has purposefully availed itself of the privilege of conducting activities within the State of Louisiana by putting its products into commerce in the State of Louisiana, thus invoking the benefits and protections of Louisiana's law and reasonably anticipating the possibility of being haled into court in Louisiana; and

D. XYZ INSURANCE COMPANY (Fictitiously named), an unknown and unidentified insurance company, authorized to do and doing business in the State of Louisiana and/or an unknown and unidentified insurance company which has minimum contacts with the State of Louisiana as it has purposefully availed itself

of the privilege of conducting activities within the State of Louisiana by putting its products into commerce in the State of Louisiana, thus invoking the benefits and protections of Louisiana's law and reasonably anticipating the possibility of being haled into court in Louisiana.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a dispute involving citizens of diverse status, and the amount in controversy exceeds $75,000.00.

4.

Venue is appropriate in the Eastern District of Louisiana under 28 U.S.C. § 1391 (b)(2), because it is the judicial district where a substantial part of the events or omissions giving rise to this claim occurred.

## GENERAL FACTUAL ALLEGATIONS

5.

Upon information and belief, that on or about April 4, 2018 around 9:00 p.m., Defendant Karl St. Amant was the driver of Defendant KS Trans Inc.'s commercial 2014 Freightline CA 125, with a Louisiana license plate L575368, V.I.N. 1FUJGLD66ELFG5382, and a trailer, a 2009 Utility Box, with a license plate RB5588F, traveling north on I-10 west in the right lane in St. Tammany Parish.

6.

Upon information and belief, that on the same date and time set forth above, Plaintiff Clem Gills was the driver and owner of a 2003 Cadillac Deville, with a Louisiana license plate

16526891, V.I.N. 1G6KD54Y23U187817, traveling in the same direction as Defendant Karl St. Amant but in the middle lane in St. Tammany Parish. Plaintiffs Japena Gills, Henry Alexander, and Edward Charles were guest passengers.

7.

Upon information and belief, that defendant Karl St. Amant negligently failed to keep a proper lookout and attempted to change from the right-hand lane to the middle lane, causing his vehicle and trailer to enter Plaintiffs' lane of travel and collide with the vehicle containing Plaintiffs.

8.

Upon information and belief, that at all times material hereto, Defendant Karl St. Amant was an employee of Defendant KS Trans Inc. acting within the course and scope of his employment, and consequently his conduct is attributable to Defendant KS Trans Inc. pursuant to the doctrine of *respondeat superior*, and Defendant KS Trans Inc. is legally responsible for Defendant Karl St. Amant's actions.

9.

That the above described accident was caused solely by the negligence of Defendant Karl St. Amant, including but not limited to, the following:

    A.    Failing to see and/or observe what he could or should have seen;

    B.    Failing to maintain proper control of his commercial vehicle and/or trailer;

    C.    Operating his commercial vehicle and/or trailer in a careless and/or reckless manner;

    D.    Failing to operate his commercial vehicle and/or trailer in a safe and/or prudent manner;

    E.       Failing to maintain a proper lookout;

    F.       Failing to maintain a proper distance;

    G.      Failing to stop his commercial vehicle and/or trailer to avoid a collision;

    H.      Causing a collision;

    I.       Improper lane usage;

    J.       Cutting In and/or Improper Passing; and

    K.      Other acts and/or omissions constituting fault and/or negligence which will be shown more fully at trial.

10.

At all times material hereto, Defendant KS Trans Inc., as owner of the above described commercial vehicle and/or trailer operated by Defendant Karl St. Amant, and/or as employer of Defendant Karl St. Amant, maintained a policy of automobile liability insurance with Defendant ABC Insurance Company, its fictitiously named auto insurer, under which said policy covered the negligence of Defendant Karl St. Amant and Defendant KS Trans Inc. and specifically covers the damages complained of in this complaint, such that Plaintiffs have a right of direct action against Defendant ABC Insurance Company as liability insurer of Defendant KS Trans Inc. pursuant to Louisiana Revised Statute 22:1269.

11.

At all times material hereto, Defendant KS Trans Inc., as owner of the above described commercial vehicle and/or trailer operated by Defendant Karl St. Amant, and/or as employer of Defendant Karl St. Amant, maintained a policy of automobile liability insurance with Defendant XYZ Insurance Company, its fictitiously named auto insurer, under which said policy covered the negligence of Defendant Karl St. Amant and Defendant KS Trans Inc. and specifically covers the damages complained of in this complaint, such that Plaintiffs have a right of direct action

against Defendant XYZ Insurance Company as liability insurer of Defendant KS Trans Inc. pursuant to Louisiana Revised Statute 22:1269.

12.

As a direct and proximate cause of the negligence of Defendant Karl St. Amant and Defendant KS Trans Inc. Plaintiff Clem Gills suffered personal injury and property damages.

13.

That as a result of the above described accident, Plaintiff Clem Gills suffered multiple, and/or serious/severe injuries to his skeletal, musculatory and nervous system, requiring him to seek/incur extensive/expensive medical treatment and costs.

14.

That Plaintiff Clem Gills is entitled to recover damages including but not limited to the following: vehicle property damages; towing costs or expenses; storage fees and charges; auto rental and loss of use of vehicle; loss of vehicle value and/or depreciation; and past, present and future: medical expenses; physical pain and suffering; mental anguish and emotional distress; loss of enjoyment of life; loss of earnings and wages and/or earning capacity; disability; and any other relief as the court may determine appropriate.

15.

As a direct and proximate cause of the negligence of Defendant Karl St. Amant and Defendant KS Trans Inc. Plaintiff Japena Gills suffered personal injury.

16.

That as a result of the above described accident, Plaintiff Japena Gills suffered multiple, and/or serious/severe injuries to her skeletal, musculatory and nervous system, requiring her to seek/incur extensive/expensive medical treatment and costs.

17.

That Plaintiff Japena Gills is entitled to recover damages including but not limited to the following: past, present and future: medical expenses; physical pain and suffering; mental anguish and emotional distress; loss of enjoyment of life; loss of earnings and wages and/or earning capacity; disability; and any other relief as the court may determine appropriate.

18.

As a direct and proximate cause of the negligence of Defendant Karl St. Amant and Defendant KS Trans Inc. Plaintiff Henry Alexander suffered personal injury.

19.

That as a result of the above described accident, Plaintiff Henry Alexander suffered multiple, and/or serious/severe injuries to his skeletal, musculatory and nervous system, requiring him to seek/incur extensive/expensive medical treatment and costs.

20.

That Plaintiff Henry Alexander is entitled to recover damages including but not limited to the following: past, present and future: medical expenses; physical pain and suffering; mental anguish and emotional distress; loss of enjoyment of life; loss of earnings and wages and/or earning capacity; disability; and any other relief as the court may determine appropriate.

21.

As a direct and proximate cause of the negligence of Defendant Karl St. Amant and Defendant KS Trans Inc. Plaintiff Edward Charles suffered personal injury.

22.

That as a result of the above described accident, Plaintiff Edward Charles suffered multiple, and/or serious/severe injuries to his skeletal, musculatory and nervous system, requiring him to seek/incur extensive/expensive medical treatment and costs.

23.

That Plaintiff Edward Charles is entitled to recover damages including but not limited to the following: past, present and future: medical expenses; physical pain and suffering; mental anguish and emotional distress; loss of enjoyment of life; loss of earnings and wages and/or earning capacity; disability; and any other relief as the court may determine appropriate.

WHEREFORE, Plaintiffs Clem Gills, Japena Gills, Henry Alexander, and Edward Charles pray that defendants be duly served and cited to appear and answer this Complaint, and that after due proceedings are had, that there be judgment rendered herein in favor of Plaintiffs Clem Gills, Japena Gills, Henry Alexander, and Edward Charles and against the defendants, Karl St. Amant, KS Trans Inc., ABC Insurance Company and XYZ Insurance Company, jointly and severally and *in solido*, in an amount as it may be reasonable on the premises and/or sufficient to adequately compensate Plaintiffs for their damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit, and for all general and equitable relief deemed proper by this Honorable Court.

                        Respectfully submitted:

                        /s/ Vanessa Motta
                        Vanessa Motta, Esq. (La. Bar No. 36915)
                        Motta Law, LLC
                        855 Baronne Street
                        New Orleans, Louisiana 70113
                        Telephone: (504) 670-9490
                        Facsimile: (504) 513-3122

/s/ Joseph M. Bruno
Joseph M. Bruno, Trial Attorney (LA Bar No. 3604)
Donald D. Reichert, Jr. (LA Bar No. 33328)
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Attorneys for Plaintiffs

**WITHHOLD SERVICE:**
ABC INSURANCE COMPANY
XYZ INSURANCE COMPANY