UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CELM GILLS, ET AL.** | **CIVIL ACTION NO.: 18-13604** |
| **VS.** | **JUDGE JAY C. ZAINEY** |
| **KARL ST. AMANT, ET AL.** | **MAG. JUDGE MICHAEL NORTH** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL PLAINTIFFS DISCOVERY RESPONSES AND DEPOSITIONS**

**NOW INTO COURT**, comes Clem Gills, *et al*, who hereby responds to Defendant's Motion to Compel Plaintiffs Discovery Responses and Depositions as follows:

**FACTS**

Plaintiffs were injured when an 18-wheeler, owned by KS Trans, Inc and operated by its employee, Karl St. Amant, abruptly changed lanes on I-10 in St. Tammany Parish and struck a vehicle being driven by Clem Gills, with guest passengers, Japena Gills, Henry Alexander, and Edward Charles.

As a result of the investigation of the facts and circumstances surrounding this accident, defendant St. Amant was cited for Improper Lane Usage by the St. Tammany Parish Sheriff's Department.  **St. Amant admitted his guilt in this matter and <u>pled guilty</u> to the citation,** paying the full amount of the fine and court costs.

**PERTINENT FACTS OF THE INSTANT MOTION**

On November 16, 2023, Defendants propounded interrogatories and requests for production of documents to Plaintiffs.   Due to the responses being due around the holidays, the parties agreed to move the due date of Plaintiff's responses to December 27, 2023.   Plaintiff timely responded to the initial discovery requests.

1

On January 5, 2024, Defendant wrote a letter claiming that the responses were not to Defendant's liking.  Defendant did not identify any specific concerns with the discovery responses and Plaintiff asked for reasons why the responses were not sufficient.   On January 17, 2024, Defendants sent a letter which all but asked for each and every question to be answered with more specificity or include additional information. On January 23, 2024, Plaintiffs responded to Defendants concerns and outlined with detail why the discovery questions were properly answered.  Plaintiffs maintained objections that much of the information requested was not proportional to the needs of the case and/or not relevant to any party's claim, in accordance with Fed. R. Civ. P. 26(b)(1).  Nevertheless, Plaintiffs supplemented their discovery responses in an effort to cooperate with Defendants in this matter.

Defense counsel also requested immediate deposition dates of the Plaintiffs.   However, Plaintiff counsel had recently given birth to a daughter on January 4, 2023, and informed defense counsel that she was on maternity leave, but would provide dates after February 14, 2023, and asked defense counsel for dates they were available to set up depositions. Defense counsel callously and unprofessionally responded that he demanded deposition dates immediately and refused to provide his availability after February 14, 2023, and insisted that if no dates were provided prior to that time, he would move forward with the instant Motion, which they have.

## **LAW:**

A court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)" Fed. R. Civ. P. 26(b)(2)(c)

1. **Defendants Motion to Compel is confusing and limited in arguments**

Defendant's Motion and Memorandum in Support of Motion to Compel only argues four (4) Interrogatories which Defendant appears to take issue of not being answered. Those four specific Interrogatories were listed as Numbers 8, 10, 15 and 19.  Thus, Plaintiffs respond to that discovery contained in their Memorandum as follows:

2. **Plaintiff sufficiently answered Defendants Interrogatory 8 & 10.**

Defendant's Memorandum in Support of its Motion to Compel seeks to have Plaintiff answer questions which have already been answered in detail and contains all the information sought in the medical records provided to Defendant in discovery, pursuant to Fed. R. Civ. P. 26(b)(2)(c).

Apparently, *without argument*, Defendant claims that Plaintiff is required to regurgitate each and every date in medical records of complaints each plaintiff made to each physician about their respective injuries.  Defendant offers no rule or jurisprudence to compel such a requirement. Nevertheless, plaintiff answered the question and provided the best evidence of the information in its their response to refer to the attached medical records provided to defendant.   The question and response were as follows:

**INTERROGATORY NO. 8:**

> Please identify and describe all injuries, ailments, or pains which you claim to have suffered as a result of the subject incident, stating the parts of your body that were affected, exactly how such body parts were injured, precisely when you first noticed such injury or injuries, exactly what you did with regard to caring for and/or treating such injury or injuries, and how long such injuries/ailments/pains lasted. Please note: In answering this interrogatory, it is not sufficient to refer to medical records.

**RESPONSE TO INTERROGATORY NO. 8**:

> While the discovery question states that it is not sufficient to refer to medical records, the medical records are the best evidence to describe all ailments, injuries and pains which Plaintiff suffered from this accident and the body parts and pain.  Referring to the medical

records provides the best and most consistent record of dates of treatment and specific complaints of injuries from this accident. Thus, see the attached medical records.

As explained above, there is no requirement in the Federal Rules of Civil Procedure, nor does Defendant provide any jurisprudence to support its position that Plaintiff is required regurgitate each and every date and ailment each Plaintiff suffered when this information is already contained in the medical records already in the possession of the Defendant. Thus, there is no legal basis to compel Plaintiff to provide further information when it has already been provided to the Defendants. This court can look to FRCP 26 (b)(2)(c) which states that "the discovery sought….. can be obtained from some other source that is more convenient, less burdensome…". Thus, in following Federal Rules of Civil Procedure, Plaintiff properly answered the question and Defendant's Motion to Compel must be denied.

Similarly, the following question must also be denied in Defendant's Motion to Compel for the same reasons. Interrogatory Number 10 reads and was answered as follows:

**INTERROGATORY NO. 10:**

For each Healthcare Provider identified in answer to Interrogatory No. 9, please identify and describe: (1) the date(s) of any examinations and/or treatments; (2) the nature of the examination and/or treatment provided on such date(s); and (3) whether you are still treating for these injuries or conditions. Please note: In answering this interrogatory, it is not sufficient to refer to medical records.

**RESPONSE TO INTERROGATORY NO. 10**:

It is sufficient to refer to the medical records as they contain all of the dates of treatment, type of treatment provided and the physicians who provided treatment. Thus, see the attached medical records.

Following the rationale as outlined above, under FRCP 26 (b)(2)(c), Plaintiff properly answered the question and Defendant's Motion to Compel must be denied.

3. **Information on Arrests and Convictions more than 10 years old must also be denied**.

Next, Defendant argues *without **any** supporting evidence or jurisprudence* that this Court must compel Plaintiff to answer certain questions regarding arrests and convictions as follows:

**INTERROGATORY NO. 15:**

Please state whether you have ever been convicted of or arrested for any crimes. If so, please identify and describe the conviction/arrest.

All of the Plaintiff's initially responded as follows:

**RESPONSE TO INTERROGATORY NO. 15**:

Objection. Arrests are inadmissible and not calculated to lead to any admissible evidence and not proportional to the needs of this case.

In response to Defendant's January 17, 2024, letter, and in the spirit of cooperation, Plaintiff provided Defendant with a Supplemental Response on each Plaintiff as follows:

**As to Edward Charles**:

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15**:

Objection. Arrests are inadmissible and not calculated to lead to any admissible evidence and not proportional to the needs of this case. ***Mr. Charles does not have any convictions in the past 10 years.***

**As to Henry Alexander**:

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15**:

Objection. Arrests are inadmissible and not calculated to lead to any admissible evidence and not proportional to the needs of this case. ***Mr. Alexander does not have any convictions in the past 10 years.***

**As to Japena Gills**

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Objection. Arrests are inadmissible and not calculated to lead to any admissible evidence and not proportional to the needs of this case. ***Ms. Gills does not have any convictions in the past 10 years.***

**As to Clem Gills**

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Objection.  Arrests are inadmissible and not calculated to lead to any admissible evidence and not proportional to the needs of this case. Because Mr. Gills is deceased, *Clem Payne is unaware of any convictions that Mr. Gills may have had which would be relevant or proportional to the needs of this case because none have occurred to his knowledge in the past 10 years*

**Law and Argument**:

Plaintiff objects to Defendant's Interrogatory because the question is overbroad and does not limit its application.  Defendant's question is so overbroad that it would require Plaintiff to answer if they were arrested or convicted even as a juvenile.

Second, under Federal Rules of Evidence, 608(b), *arrests are inadmissible*.  Thus, Plaintiff's objection is proper, and Plaintiffs do not have to answer questions as to whether or not they have ever been arrested as it is not proportional to the needs of Defendants case.

Next, Defendant, who brought forward the instant Motion to Compel, carries the initial burden of why their request to have Plaintiff discuss convictions more than 10 years old, is proportional to the needs of the case.   Defendant fails to provide this court with any argument or jurisprudence why this court should compel Plaintiff to answer the instant question concerning convictions beyond 10 years.

Fed. R. Evid. 609 (a) does not allow for a conviction to be admissible when more than ten (10) years have passed.  *See also Jesco Const. Corp. v. Nationsbank Corp.*, 2000 WL 297689 (E.D. La. 3/30/2000)   Our Fifth Circuit has explained Rule 609(b) and it places a time limit on the use of evidence under 609(a), such that, typically, the probative value of a conviction over ten years old is outweighed by its prejudicial effect. *United States v. Charles*, 366 F.App's 532, 541 (5th Cir. 2010).

6

Thus, Plaintiffs properly responded to the question that they have not had any convictions in the past ten (10) years. Defendant fails to place any argument why good cause exits for this court should deviate from the clear jurisprudence on convictions beyond 10 years. Therefore, Defendant's Motion to Compel on this question must be denied.

4.  **Plaintiffs prior employers are not proportional to the needs of the case**.

Plaintiff is not making *any* loss wage claim. Yet, despite this, Defendant's question concerning former employers has nothing to do with this case, allegations by the Plaintiff or any defenses by the Defendant. The request is nothing more than fishing expedition and is not proportional to the needs of this case. To that end, Defendant asked the following:

**INTERROGATORY NO. 19:**

State the name, address, and telephone number of (1) your employer on the date of the subject incident; (2) all employers for the ten years prior to that date; and (3) any other employers since the date of the subject incident.

All Plaintiffs responded with the same objection:

**RESPONSE TO INTERROGATORY NO. 19**:

This information is not proportional to the needs of this case.

**Law and Argument**

Defendants Memorandum in Support of its Motion to Compel, ***does not*** provide any argument or jurisprudence in their Memorandum how the information they seek concerning employment is proportional to the needs of the case. Had Defendant provided some argument or rationale for their request, then perhaps a meaningful discussion could take place. Defendant appears to erroneously believe that they can simply request any information they seek and Plaintiff must obeyingly provide it. The lack of any argument for the production of this information speaks

volumes as the defendant's knowledge that such information is not proportional to the needs of the case.

Numerous district courts in the Fifth Circuit have found that prior employment records are not discoverable nor proportionate to the needs of the case. *See Sanders v. Dalcraft, LLC*, 2009 WL 1392602, at *2 (N.D. Tex. May 18, 2009) (rejecting argument that employment records from former employers were relevant and discoverable because they "may show performance deficiencies similar to those relied upon by [the defendant] to justify the termination"); *Allen v. CVS Pharmacy, Inc.*, 2013 WL 3873239, at *12 (S.D. Tex., July 25, 2013), (recognizing that "the Supreme Court has cautioned that employers should not, as a routine matter, undertake extensive discovery into an employee's background or performance…") (citing *McKennon v. Nashville Banner Publishing Co.* 513 U.S. 352, 363 (1995))*; Liles v. Stuart Weitzman, LLC*, 2010 WL 1839229, at *3 (S.D. Fla. May 6, 2010) (rejecting argument that "a plaintiff's employment records from his former employer are relevant ... to demonstrating poor performance while employed by the defendant"); *Maxwell v. Health Center of Lake City, Inc.,*, 2006 WL 1627020, at *4 ("[T]his Court finds that documents showing Plaintiff's prior work history ... have no relevance…. Moreover, Defendant fails to offer, and the Court cannot conjure, any additional likely explanations as to why such evidence could be relevant."); *EEOC v. Southern Haulers, LLC*, 2012 WL 1768064 at *3 (S.D. Ala. May 17, 2012) (quashing subpoenas to charging party's former employers where the "mere possibility that [defendant] might discovery [sic] some evidence that relates to [charging party's] job qualifications ... is insufficient grounds to permit the broad discovery of all personnel records from every pre-incident employer"); *EEOC v. Renaissance III Organization*, 2006 WL 832504 at *1 (N.D. Tex. March 30, 2006) (quashing subpoenas requesting

"the wholesale production of confidential employment records" from charging parties' former employers and noting the "privacy interests far outweigh any likely benefit").

Here, Plaintiffs are not and have not made any claims for loss of past, present or future wages. Thus, the information sought is not proportional to the needs of the case. Defendant offers **no argument** to this court to the contrary in their Memorandum. Defendant erroneously believes they are entitled to a fishing expedition on past employers of the Plaintiff which have no bearing on any of the issues in this case. Thus, Defendant's Motion to Compel must that Plaintiff provide ten (10) years of prior employment history must be denied.

5. **Plaintiff counsel offered dates for depositions of the Plaintiffs and the filing by Defendant is not only frivolous but also warrants Rule 11 sanctions.**

Defendants have had the opportunity since July 19, 2023, when the Stay on this case was lifted, to depose the Plaintiffs in this case. Defendant consciously chose to wait until January 19, 2024, ***exactly six (6) months after this case was re-opened***, <u>for the first time</u>, to request deposition dates of the Plaintiffs. Plaintiff counsel, who was pregnant since this case was re-opened, delivered her child on **January 4, 2024**.

In response to Defendant's January 19, 2024, email, Plaintiff counsel informed defense counsel that she was on maternity leave and would return to her office after February 12, 2024, and offered to allow her clients to be deposed after February 12, 2024. ***Defense counsel responded that Plaintiff counsel being on maternity leave was "unacceptable"*** and insisted that Plaintiff counsel immediately respond or that Defendant would file a Motion to Compel.[1]

Irrespective of the unprofessional commentary and lack of professionalism concerning a woman having a newborn child, plaintiff counsel still responded to the email ***on the same day***. Despite the fact that Plaintiff counsel and ***another of Defendants associates, <u>Mr. Cortez</u>***, were

---

[1] See January 19, 2024 email of Donald Cassels, attached as Exhibit "1"

able to resolve the issue of responding to the outstanding discovery, defendants still insisted that the depositions of Plaintiffs take place between February 5 through February 9, 2024. Plaintiff counsel, in an effort to accommodate this expedited request, offered the possibility of asking another attorney, who was not counsel of record to sit in depositions for her should she be able to find someone.[2] The offer never materialized because the clients insisted that Plaintiff counsel be with them in their depositions.

Then, on February 5, 2024, at **4:52 p.m**., Mr. Devin Barnett, another of the defense counsel for Defendants, emailed Plaintiff and sought to extend pre-trial deadlines.[3] On the same date, approximately 30 minutes later, at **5:21 p.m**., Motta returned Mr. Barnett's email and asked that defendant also provide deposition dates for the Defendant's driver as well as a FRCP 30(b)(6) corporate representative to be conducted after Mardi Gras when Motta returned from maternity leave.[4]

On February 5, 2024, approximately five (5) minutes later, at **5:26 p.m**., this time, defense counsel, Cassels emailed Plaintiff counsel claiming that she "repeatedly failed to provide" deposition dates of her clients. Approximately 20 minutes later, at **5:45 p.m**., Plaintiff counsel responded and informed Mr. Cassels that she was available for depositions on February 19, 20, 23 and 26th. Plaintiff counsel also informed Mr. Cassels that if he wanted March 2024, dates then she would accommodate same.[5] Defendant never responded.

Conveniently missing in Defendant's Motion to Compel is the fact that Mr. Cassels refuses to provide deposition dates for the defendant driver as well as the 30(b)(6) corporate representative of the Defendant. To date, Defendants have refused to provide and/or confirm any deposition

---

[2] See email between Vanessa Motta and Christopher Cortez dated January 19, 2024 as Exhibit "2"
[3] See email of Devin Barnett to Vanessa Motta of February 5, 2024 as Exhibit "3 in globo"
[4] See response email of Vanessa Motta to Barnett of February 5, 2024 as Exhibit "3 in globo" [5] See email between Vanessa Motta and Donald Cassels, dated February 5, 2024 as Exhibit "4"

dates for their clients, while simultaneously asking this court to compel deposition dates that have already been provided to them.

Consequently, Defendant's Motion to Compel lacks any good faith basis to have this court decide the instant Motion to Compel.  If any sanctions are warranted in this case, they should be imposed against defendants under Rule 11 for the frivolous filing of the instant pleading.

Thus, there is no basis nor reason for this court to entertain this issue or decide it in a Motion for Contempt and defendant's Motion should be dismissed.  In the alternative, this court should compel defendant to provide Plaintiff counsel dates for the deposition of her clients to take place.

**6.      This Court must deny sanctions to Defendant and award sanctions to Plaintiff**.

There is no basis for Defendant to request sanctions in this matter, far much less asking for the relief they seek in a Motion to Compel.  Plaintiff answered Defendants discovery and supplemented answers as well.  Furthermore, ***Defendant did not even provide facts or case law in their Motion or Memorandum to explain what Defendant even seeks***.  Their entire Motion and Memorandum is a complete waste of this Court's time.  Defendant merely left the work to this Court and Plaintiff counsel to literally "figure it out".  Thus, there is no basis for any sanctions.  However, because Defendant did not follow proper procedures and actually received the information it claims it did not have and has forced Plaintiff and this Court to spend an inordinate amount of time to go back and literally "re-create" all the issues which Plaintiffs were forced to assume Defendant sought, sanctions should be awarded in the form of attorney's fees and costs to Plaintiff.

Furthermore, Plaintiff has provided deposition dates for deposing her clients.  Defendant simply ignored the emails which are attached to this Motion.  Defendant has, however,

11

intentionally, and knowingly failed to provide any deposition dates for its driver and corporate representative. Nevertheless, what Defendants have also failed to supplement to this Court are the dates in which Plaintiff's depositions are to take place. After Plaintiff's continuous communication with Defense counsel with dates for Plaintiffs, Plaintiffs have depositions on:

1. Notice of Deposition of Japena Gills (2/19/24 at 11:00 a.m.)
2. Notice of Deposition of Henry Alexander (2/19/24 at 2:00 p.m.)
3. Notice of Deposition of Edward Charles (2/20/24 at 11:00 a.m.)

Thus, not only should this court dismiss the defendant's Motion to Compel, but also this Court should award attorney's fees and costs to Plaintiff for the frivolous nature of Defendant's allegations. Defendant's lack of any effort to streamline this process and not waste this court or Plaintiff counsel time should not be tolerated by this Court and proper sanctions should apply for Plaintiff having to respond to a procedurally and legally deficient Motion to Compel.

Respectfully submitted,

**MOTTA LAW, LLC**

/s/ *Vanessa Motta*
Vanessa Motta (#36915)
3632 Canal Street
New Orleans, Louisiana 70119
504-500-7246 (telephone)
504-513-3122 (facsimile)
Email: vanessa@mottalaw.com
COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that the following pleading has been delivered to all counsel of record, either through the CM/ECF system, or by depositing a copy of same in the United States mail, first class postage prepaid at their last known address of record, or by hand delivery, or by e-mail or by facsimile transmission on February 12, 2024.

/s/ *Vanessa Motta*

Vanessa Motta, Esq.