UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLEM GILLS, ET AL. | CIVIL ACTION |
| VERSUS | NO: 18-13604 |
| KARL ST. AMANT, ET AL. | SECTION: "A" (5) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Reconsider (Rec. Doc. 48)** filed by the defendants, Karl St. Amant and KS Trans, Inc. The plaintiff, Clem Payne, in his capacity as the succession representative of the deceased plaintiff, Clem Gills, opposes the motion. The motion, noticed for submission on March 27, 2024, is before the Court on the briefs without oral argument.[1]

This personal injury suit arises from a 2018 accident on Interestate10 just outside of New Orleans, involving a sedan being driven by plaintiff Clem Gills, and a tractor-trailer operated by defendant Karl St. Amant. Guest passengers, Japena Gills, Henry Alexander, and Edward Charles (co-plaintiffs) were also in the vehicle. St. Amant was cited for improper lane usage by the St. Tammany Parish Sheriff's Department. It is the Court's understanding that St. Amant did not contest the citation charging him with fault for the accident.

Mr. Clem Gills, the lead plaintiff in this action, died on January 30, 2022. At the time of his death, the case was stayed and administratively closed pursuant to an order

---

[1] Plaintiffs' counsel has requested oral argument or in the alternative the opportunity for additional briefing but the Court is not persuaded that either would be helpful.

1

of the Court. (Rec. Doc. 13, Minute Entry 12/5/2019). The Court reopened the case on July 13, 2023, (Rec. Doc. 24, Order), and a scheduling conference was held shortly thereafter. A jury trial is currently scheduled for June 3, 2024.[2] (Rec. Doc. 26, Scheduling Order).

One month after the Court entered the scheduling order, counsel for the plaintiffs filed a combined Suggestion of Death and Motion for Substitution of the Proper Party (Rec. Doc. 27). Counsel explained that she had recently learned of Mr. Gills' passing when she attempted to contact her clients regarding the Court's scheduling order. (*Id.*). The motion sought to substitute Mr. Clem Payne for the deceased Clem Gills. (*Id.*). In support of the substitution, the motion stated: "Mr. Clem Payne is the decedent's representative and one of the decedent's successions [sic]". (*Id.*). The Court granted the motion and allowed Clem Payne to replace Clem Gills in this lawsuit.[3] (Rec. Doc. 28,

---

[2] In February 2024, Defendants filed an opposed motion to continue trial and that motion remains pending at this time. The Court held a status conference on March 14, 2024, to discuss the request for a trial continuance and an extension of the defendants' medical expert report deadline. (Rec. Doc. 53, Minute Entry 3/14/2024). The Court explained that the trial date would be continued (and the motion granted) at the follow-up status conference scheduled for April 25, 2024. (*Id.*).

[3] In support of the contention that counsel for plaintiffs has engaged in a lack of candor to the Court, defense counsel points out that the plaintiffs' counsel filed the motion to substitute without advising the Court that the defendants opposed the motion. The Court is unmoved by this contention for at least two reasons.

First, while counsel for the plaintiffs did file the motion to substitute as an ex parte motion, she included with the motion not only a proposed order *but also a notice of submission*, the latter of which generally signals a lack of consent. Importantly, Plaintiffs' counsel never represented to the Court that the motion was being filed by consent or that it was unopposed. The Court does not recall whether it was aware of the notice of submission when it granted the motion to substitute because the motion appeared in the CM/ECF system as an ex parte motion with no associated hearing date. The Court surmises that the plaintiffs' counsel selected the wrong CM/ECF event when she filed the motion, which frankly is no rare occurrence in this district, and the Court did not catch the error. In their

2

Order). To be clear, Clem Payne was not added to this lawsuit as a plaintiff in his own right—he was merely substituted in to "stand in the shoes" of Clem Gills to prosecute Clem Gills' claim against the defendants.[4]

Via the instant motion Defendants urge the Court to reconsider the order allowing Clem Payne to substitute in place of Clem Gills because the defendants subsequently determined (after deposing Payne) that Payne could not prove any legal relationship to Clem Gills or that he had been appointed as the legal representative of Clem Gills' succession. This assertion was accurate when the defendants filed their motion to

---

memorandum the defendants point out that the motion to substitute was granted sixteen days prior to the submission date, (Rec. Doc. 48-1, Memorandum in Support at 2), but counsel for the plaintiffs had no role in the Court acting on the motion to substitute before the date on the attached notice of submission, which again the Court does not recall noticing at the time. The Court also does not recall anyone contacting chambers when the Order granting the motion to substitute was docketed on September 12, 2023, to question whether the motion had been granted prematurely in light of the notice of submission.

Second, the objection that defense counsel had to the motion to substitute—as demonstrated in the email chain that defense counsel produced with the motion to reconsider was legally incorrect—Louisiana Civil Code article 2315.1 was not implicated by the proposed motion and counsel for plaintiffs pointed this out to defense counsel in her email reply. (Rec. Doc. 48-3, Exhibit 2 at 2). Prescription is not implicated when a party merely substitutes in to replace the deceased party.

[4] In his written ruling granting in part the plaintiffs' motion to quash, Magistrate Judge North ruled that the defendants could not subpoena any medical or criminal history records with respect to Clem Payne because he only participates in this law suit in an administrative capacity. (Rec. Doc. 59, Minute Entry 3/20/2024 at 2).

The death certificate for Clem Gills lists three causes of death: cardiac arrest, congestive heart failure, and valvular heart disease, with tobacco usage probably contributing to death. (Rec. Doc. 48-2, Exhibit 1). No attempt was made to add a wrongful death claim following Gills' death and it appears that no such claim could be asserted given the cause of death. And of course, Payne's deposition testimony seems to foreclose any suggestion that he might fall into the class of persons who have a right of action for wrongful death under Louisiana law. *See* La. Civ. Code art. 2315.2. The decedent's succession is not within the classes of persons entitled to bring a wrongful death action under article 2315.2. *Lewis v. Harbor Freight Corp.*, No. 23-455, 2024 WL 461899, at *4 (La. App. 3d Cir. Feb. 7, 2024).

reconsider. But on March 13, 2024, which was after Defendants filed their motion to reconsider, Clem Payne was appointed by a state court judge as the administrator of Clem Gills' succession. (Rec. Doc. 55-1, Exhibit 1). Thus, the problem with Payne's procedural capacity to proceed in the place of Clem Gills—a problem that undisputedly existed when the motion to substitute was filed—has been rectified.[5]

In support of their motion to reconsider the defendants argue that Rule 25 of the Federal Rules of Civil Procedure mandates the dismissal of Clem Gills' claims. Rule 25, entitled Substitution of Parties, states in relevant part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. ***If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed***.

Fed. R. Civ. Pro. 25(a)(1) (emphasis added).

A dismissal under this rule may be with or without prejudice, at the Court's discretion. *See, e.g., Bradford v. Hyosung Am.*, No. 4:22-218, 2023 WL 2546994, at *3 (E.D. Tex. Feb. 22, 2023), *report and recommendation adopted,* 2023 WL 2542607 (E.D. Tex. Mar. 16, 2023)). The Court is not persuaded that a dismissal with prejudice would be appropriate in this case, the defendants' protestations to the contrary notwithstanding.

Another aspect of Rule 25(a)(1) left to the Court's discretion is whether the time

---

[5] In their reply to the plaintiffs' opposition and Payne's recently-obtained succession appointment, the defendants question the integrity of the appointment, characterizing Payne as having been "dubiously appointed" as succession representative. (Rec. Doc. 60, Reply at 2). A state district judge applying state law was persuaded that Payne was the appropriate succession representative. This Court has no intention of revisiting that ruling (nor can it properly do so).

4

period fixed in Rule 25(a)(1) should be extended pursuant to Rule 6(b). The Advisory Committee Notes to Rule 25 that accompanied the 1963 amendments to the rule noted the potential hardships and inequities that may sometimes result from an inflexible and unyielding requirement of dismissal, which is what the pre-1963 version of the rule imposed. Fed. R. Civ. P. 25 advisory committee's note. Since 1963 it has been understood that the motion to substitute may not be made later than 90 days after the service of the statement of death unless the period is extended by the Court pursuant to Rule 6(b).[6]

Moreover, the defendants' legal argument for mandatory dismissal relies only on non-controlling district court cases.[7] But *Sampson v. ASC Industries*, 780 F.3d 679, 682 (5th Cir. 2015), is controlling authority in this circuit, and that case holds that the 90-day period does not run against the decedent's succession or representative until personal service is effected on the deceased-plaintiff's non-party estate pursuant to Rule 4. In

---

[6] Rule 6(b), entitled Extending Time, states:

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. Pro. 6(b)(1)(A)-(B).

[7] The decision in *Mulkey v. Cracker Barrel Old Country Store*, No. 20-796, 2022 WL 4180462 (M.D. La. Aug. 26, 2022), was a recommendation authored by a magistrate judge based on an unopposed motion to dismiss. *Rhodes v. Collier*, 18 F.R.D. 50 (W.D. La. 1955) was a federal district court case but the version of Rule 25 in effect when that case was decided pre-dated the 1963 amendments mentioned above.

5

*Sampson* it did not matter that the estate was represented by the same attorney that represented the deceased plaintiff. A notice of the suggestion of death that is not served in compliance with Rule 4 is insufficient to begin the 90-day time period of Rule 25(a)(1). *Id.* at 683.

Simply, the Court is not persuaded that Rule 25(a)(1) compels the Court to dismiss Clem Gills' claims, much less to dismiss those claims with prejudice. Based on controlling Fifth Circuit precedent regarding service on non-parties, it is far from clear that the 90-day period has run against Clem Gills' estate. And if the time had run, the Court would have discretion to invite Payne to file a Rule 6(b) motion for an extension of time, which the Court would be inclined to grant. The failure to timely substitute that Rule 25(a) targets is not with punishing parties or with absolving from liability parties who may be at fault. Rather, the essence of the dismissal mandate of Rule 25(a)(1) based on a violation of the substitution deadline is grounded in concerns with the failure to prosecute an action following the death of a party. *See Rowland v. GGNSC Ripley, LLC*, No. 13-11, 2016 WL 4136486, at *6 (N.D. Miss. Aug. 3, 2016). Those concerns are simply not implicated in this case. The motion to substitute was filed simultaneously with the suggestion of death and counsel for the plaintiffs filed the motion shortly after learning of the passing of Clem Gills. Clem Payne is the succession representative for Clem Gills. The Court is not persuaded that the plaintiffs or their counsel engaged in any untoward conduct regarding the substitution motion.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Reconsider (Rec. Doc. 48)** filed by the

defendants, Karl St. Amant and KS Trans, Inc., is **DENIED**.

March 28, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE